IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| PARKER MALMSTROM and CRYSTAL MALMSTROM,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF UTAH, DEPARTMENT OF CHILDREN AND FAMILIES, et al.,<br><br>Defendants. | **REPORT & RECOMMENDATION: PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (ECF No. 25)**<br><br>Case No.  1:17-cv-80-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

On May 16, 2017, pro se Plaintiff Parker Malmstrom filed a Complaint against the State of Utah, the Department of Children and Families, William Nebeker, Thomas Malmstrom, Nancy Trotter, Jill Coil, and David Blum.  (Compl., ECF No. 1.)  On May 17, 2017, Parker Malmstrom served Jill Coil.  (ECF No. 5.)  On May 22, 2017, Parker Malmstrom filed an Amended Complaint which joined his mother, Crystal Malmstrom, as a Plaintiff and Jacob Smith as an additional Defendant.  (Am. Civil Rights Compl., ECF No. 3.)  Due to Parker and Crystal Malmstrom's pro se status, the undersigned deems the Amended Complaint to include the allegations and claims of the original Complaint.

On June 9, 2017, Parker and Crystal Malmstrom filed the present Motion for Default Judgment.  (Pls.' Mot. to Enter Default. J., ECF No. 25.)  Parker and Crystal Malmstrom claim Ms. Coil failed to respond to their Complaint in a "Timely Manner," and the Court[1] should enter a default judgment as a result.  (Id. 1-2.)

---

[1] District Judge David Nuffer referred this case to Magistrate Judge Evelyn J. Furse under 28 U.S.C. § 636(b)(1)(B).  (ECF No. 38.)

1

Ms. Coil responds that she mailed her Motion to Dismiss on June 7, 2017, (Rule 12(b)(6) Mot. to Dismiss 5, ECF No. 22).  (Resp. to Mot. for Default 2, ECF No. 28.) She contends that Parker and Crystal Malmstrom's filing of the Amended Complaint extended the due date to respond to June 13, 2017, several days after she filed her Motion.  (Id.)

Under Federal Rule of Civil Procedure 5(b)(2)(C) a defendant may serve an answer to a complaint through the mail, in which case "service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C)).  The defendant must serve a responsive pleading within twenty-one days of service of the complaint.  Fed. R. Civ. P. 12(a)(1)(A)(i).  Ms. Coil certified that she mailed her Motion to Dismiss to Parker and Crystal Malmstrom on June 7, 2017.  (Rule 12(B)(6) Mot. to Dismiss 5, ECF No. 22 ("Certificate of Service").) Therefore, Ms. Coil completed service in a timely fashion under the response deadline imposed  by Rule 12 on the original Complaint.

Ms. Coil incorrectly argues the Amended Complaint extended the deadline to respond until June 13, 2017.  Rule 15 allows a party to amend its pleading once as a matter of right within twenty-one days after service of the original complaint.  Fed. R. Civ. P. 15(a)(1)(A).  Parker Malmstrom filed his Amended Complaint within six days of filing his Complaint.  (ECF No. 3.)  Any response to the amended pleading becomes due within fourteen days after service of the amended pleading, unless the deadline for the original response extends beyond that date, in which case, the original deadline controls.  Fed. R. Civ. P. 15(a)(3).

Nothing shows when or how Parker and Crystal Malmstrom served the Amended Complaint on Ms. Coil.  The Amended Complaint itself lacks a Certificate of Service.

2

(See Am. Civil Rights Compl., ECF No. 3.)  Assuming, arguendo, Parker and Crystal Malmstrom served the Amended Complaint the same day they filed it with the Court, May 22nd, fourteen days after that day would be June 5, 2017.  Applying Rule 15(a)(3), the original response date of June 7 still controls.

Ms. Coil completed service to Parker and Crystal Malmstrom on June 7, 2017, the deadline to respond to the first Complaint.  Therefore, the undersigned RECOMMENDS the Court deny the present Motion for Default Judgment.

The Court will send copies of this Report and Recommendation to the parties and notifies them of their right to object to the same.  The Court further notifies the parties that they must file any objection to this Report and Recommendation with the Clerk of the Court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of service thereof.  Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 10th day of January, 2018.

BY THE COURT:

_____
EVELYN J. FORSE
United States Magistrate Judge