IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| PARKER MALMSTROM and CRYSTAL MALMSTROM,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF UTAH, DEPARTMENT OF CHILDREN AND FAMILIES, et al.,<br><br>Defendants. | **REPORT & RECOMMENDATION: DAVID BLUM, THOMAS MALMSTROM & NANCY TROTTER'S MOTION TO DISMISS (ECF No. 11)**<br><br>Case No.  1:17-cv-80-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

On May 16, 2017, pro se Plaintiff Parker Malmstrom filed a Complaint against the State of Utah, the Department of Children and Families, William Nebeker, Thomas Malmstrom, Nancy Trotter, Jill Coil, and David Blum.  (Compl., ECF No. 1.)  On May 22, 2017, Parker Malmstrom filed an Amended Complaint which joined his mother, Crystal Malmstrom, as a Plaintiff and Jacob Smith as an additional Defendant.  (Am. Civil Rights Compl., ECF No. 3.)  Due to Parker and Crystal Malmstrom's pro se status, the undersigned deems the Amended Complaint to include the allegations and claims of the original Complaint.  At oral argument, Crystal Malmstrom clarified that she only brings claims against Jacob Smith.  Thus, this Motion only addresses Parker Malmstrom's claims against David Blum, Thomas Malmstrom, and Nancy Trotter.

Defendants David Blum, Thomas Malmstrom, and Nancy Trotter move the Court to dismiss Parker Malmstrom's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). (Defs. Blum, Malmstrom, & Trotter's Mot. to Dismiss (Mot.), ECF No. 11.)  Having reviewed the parties' briefings and the Complaint,

1

the undersigned[1] RECOMMENDS dismissing all claims against David Blum, Thomas Malmstrom, and Nancy Trotter for lack of subject matter jurisdiction.

## BACKGROUND

"In ruling on a motion to dismiss for failure to state a claim, '[a]ll well-pleaded facts, as distinguished from conclusory allegations, must be taken as true,' and the court must liberally construe the pleadings and make all reasonable inferences in favor of the non-moving party." Brokers' Choice, Inc. v. NBC Universal, Inc., 861 F.3d 1081, 1105 (10th Cir. 2017) (quoting Ruiz v. McDonnell, 299 F.3d 1173, 1181 (10th Cir. 2002) (emphasis added in quotation)).

This case arises out of a state case involving a child custody dispute between Crystal and Thomas Malmstrom. Now divorced, the two share children together of varying ages. Parker Malmstrom is one of their adult children. The Complaint alleges the Defendants at issue—Nancy Trotter, Thomas Malmstrom, and David Blum—participated in "case steering tactics", which included defamation, perjury, tampering with a witness, victim, or informant, and violations of First, Sixth, Ninth, and Fourteenth Amendments. (Compl. ix, 10-11, ECF No. 1.) Thomas Malmstrom is now remarried to Nancy Trotter, and David Blum represents Thomas Malmstrom in the custody dispute. The Complaint focuses on two accusations made to police and repeated in the family court proceedings regarding child pornography found on a computer in Thomas Malmstrom's possession and an injury to the wrist of Parker Malmstrom's sister, Rachel. (Id. at 4-9.)

---

[1] District Judge David Nuffer referred this case to Magistrate Judge Evelyn J. Furse under 28 U.S.C. § 636(b)(1)(B). (ECF No. 38.)

Parker Malmstrom alleges Thomas Malmstrom and Nancy Trotter made statements to the Harrisville Police alleging Parker Malmstrom looked at child pornography on Thomas Malmstrom's computer. (Id. at 4.) The Complaint also alleges Thomas Malmstrom and David Blum told the court Parker Malmstrom looked at child pornography on Thomas Malmstrom's computer. (Id. at 4-5, 14-15.) Parker Malmstrom claims, in reality, he found child pornography on Thomas Malmstrom's computer – a device which originally belonged to Nancy Trotter – and sent pictures to his mother acting on the instructions of the police. (Id. at 5, 15.) Parker Malmstrom alleges Nancy Trotter, Thomas Malmstrom, and David Blum "tampered with the witness in the child porn case with Harrisville City Police Department to attack my credibility, and therefore to be able to impeach my testimony violated the I, VI, IX, XI V Amendments and worked in concert together to defame me, and to bleed my mom dry." (Id. at 10-11.) Parker Malmstrom claims no evidence exists to support the allegation that he looked at child pornography. (Id. at 5.)

Parker Malmstrom also alleges David Blum, Nancy Trotter, and Thomas Malmstrom told the police and the court Parker Malmstrom broke his sister Rachel Malmstrom's wrist. (Id. at 6-7, 18-19.) Parker Malmstrom construes these allegations as criminal accusations and invokes his Sixth Amendment right to confront his accuser. (Id. at 6, 18.) Furthermore, Parker Malmstrom indicates medical reports show Rachel Malmstrom never suffered a broken wrist, and police records show the investigation into Parker Malmstrom for the incident closed. (Id. at 6-7.) Parker Malmstrom alleges Nancy Trotter, Thomas Malmstrom, and David Blum "committed perjury by failing to disclose known exculpatory evidence… resulting in Libel." (Id. at 10.)

## DISCUSSION

Nancy Trotter, David Blum, and Thomas Malmstrom submitted a very brief Motion to Dismiss citing only Rule 12(b)(6) and asserted that the Amended Complaint fails to make any assertions against them. (Mot. 2, ECF No. 11.) While as noted above, the Amended Complaint includes only a new defendant and a new plaintiff, Parker and Crystal Malmstrom clearly intended it to add to the original complaint not replace it. (Am. Compl. 3, ECF No. 3 (stating "Jacob Smith is being added to federal Complaint").) Nancy Trotter, David Blum, and Thomas Malmstrom's overly strict reading of Amended Complaint conflicts with the Tenth Circuit's requirement that courts construe pro se pleadings liberally and hold them to a "less stringent standard." See Smith v. United States, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005)). Therefore, as mentioned Nancy Trotter, David Blum, and Thomas Malmstrom's argument on that front fails.

Certainly, courts cannot act as advocates for pro se litigants, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure (Rules). Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991); Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007) ("[T]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.") (quoting Garrett, 425 F.3d at 840). A pro se plaintiff's claims should survive a Rule 12(b)(6) motion, "despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Smith, 561 F.3d at 1096 (quoting Hall, 935 F.2d at 1110). Parker Malmstrom filed a similarly brief response. (Pl. Crystal Malmstrom Aff. 1, ECF No. 18 ("Plaintiff . . . believes these facts

should satisfy/overcome Mr. Blum's Motion to dismiss.").)  Nancy Trotter, David Blum, and Thomas Malmstrom's Reply provides no further insight into why they believe the Court should dismiss the Complaint.  (Defs. Blum, [Thomas] Malmstrom, & Trotter's Mot. to D., ECF No. 29.)  In short, the briefing on the Motion provides no assistance to the Court.

### A.  Subject Matter Jurisdiction

Before ruling on the merits of a case, the Court must determine whether it holds subject matter jurisdiction over the case.  See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 549 U.S. 422, 430–31 (2007) (requiring findings of subject-matter and personal jurisdiction prior to reaching a case's merits).  Federal district courts hold limited subject matter jurisdiction; the Constitution and acts of Congress set forth the scope of their authority.  Radil v. Sanborn W. Camps, Inc., 384 F.3d 1220, 1225 (10th Cir. 2004).  Even when no party questions subject matter jurisdiction, a federal court holds "an independent obligation to determine whether subject-matter jurisdiction exists."  1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).  "Parties cannot confer on a federal court jurisdiction which has not been granted by the Constitution and Congress, and parties cannot waive lack of subject matter jurisdiction."  Henry v. Office of Thrift Supervision, 43 F.3d 507, 511 (10th Cir. 1994).

Subject matter jurisdiction arises through one of two ways.  First, Congress provides the federal district courts with federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States."  Firstenberg v. City of Santa Fe, 696 F.3d 1018, 1023 (10th Cir. 2012) (quoting 28 U.S.C. § 1331).  Second, Congress grants federal district courts authority "over 'all civil actions where the matter

in controversy exceeds the sum or value of $75,000 ... and is between ... citizens of different States,'" authority known as diversity jurisdiction.  <u>Grynberg v. Kinder Morgan Energy Partners, L.P.</u>, 805 F.3d 901, 905 (10th Cir. 2015) (quoting 28 U.S.C. § 1332).

The Complaint alleges federal constitutional and statutory violations, which if adequately pled, could convey subject matter jurisdiction on this Court.  (Compl. ix, 10-11, 14, ECF No. 1.)  To establish federal question jurisdiction, such action must "aris[e] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

The Court does not hold diversity jurisdiction over the claims.  To invoke diversity jurisdiction, "the citizenship of all defendants must be different from the citizenship of all plaintiffs."  <u>McPhail v. Deere & Co.</u>, 529 F.3d 947, 951 (10th Cir. 2008).  In this case, both Plaintiffs and Defendants appear to be citizens of Utah.  Therefore, the Court lacks diversity jurisdiction over the case.

Therefore, before the Court can find it has jurisdiction to hear this case, the Court must consider whether the Complaint poses a federal question.

**B.    No Private Right of Action Exists for Perjury and Witness Tampering**

Parker Malmstrom alleges Nancy Trotter, Thomas Malmstrom, and David Blum committed perjury, in violation of 18 U.S.C. § 1621, and witness tampering, in violation of 18 U.S.C. § 1512.  (Compl. ix, 10-11, 14, ECF No. 1.)  However, Congress afforded neither of these claims a private right of action, preventing Parker Malmstrom from bringing these charges against Nancy Trotter, Thomas Malmstrom, and David Blum.  <u>See</u> <u>Clements v. Chapman</u>, 189 F. App'x 688, 690, 692 (10th Cir. 2006) (unpublished) (finding no private right of action under 18 U.S.C. §§ 1512, 1621); <u>Diamond v. Charles</u>, 476 U.S. 54, 64-65 (1986) (holding that private citizens cannot compel enforcement of

6

criminal law).  Therefore, the Complaint fails to state a federal claim under these statutes.

**C.     The Complaint Fails to Plead Any Constitutional Violations Adequately**

Parker Malmstrom also alleges Nancy Trotter, Thomas Malmstrom, and David Blum violated the First, Sixth, Ninth, and Fourteenth Amendments.  (Compl. 10-11, ECF No. 1.)

Parker Malmstrom fails to elaborate how Nancy Trotter, Thomas Malmstrom, and David Blum violated the First Amendment, other than asserting "Defamation is not protected by the First Amendment."  (Id. at 18.)  Defamation and First Amendment violations represent two separate causes of action.  Simply because the First Amendment's protections fail to extend to a particular action, such as defamation, does not mean that action violates the First Amendment.  Therefore, the undersigned finds the Complaint fails to present allegations supporting a First Amendment claim.

Parker Malmstrom argues Nancy Trotter, Thomas Malmstrom, and David Blum violated the Sixth Amendment because they made criminal accusations against him in the family court proceeding without giving him the opportunity to confront his accusers.  (Compl. 6, 18-19, ECF No. 1.)   Specifically, they accused Parker Malmstrom of breaking Rachel Malmstrom's wrist.  (Id.)  "In all criminal prosecutions, state as well as federal, the accused has a right, guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, 'to be confronted with the witnesses against him.'" Lilly v. Virginia, 527 U.S. 116, 123–24, (1999) (quoting U.S. Const. amend. VI). The Complaint acknowledges the prior court proceeding was not a criminal prosecution against Parker Malmstrom but rather a family court proceeding.  (Compl. 6, ECF No. 1.)

Because Nancy Trotter, Thomas Malmstrom, and David Blum made this allegation outside of a criminal case, Parker Malmstrom had no right to confront witnesses. Therefore, the Complaint fails to state a Sixth Amendment claim.

Parker Malmstrom alleges Nancy Trotter, Thomas Malmstrom, and David Blum violated the Ninth Amendment but offers no further explanation. (Compl. 10-11, ECF No. 1.) Given the Complaint as a whole, the Court concludes Parker Malmstrom objects to violations of his "rights to be a brother, friend, and advocate to [his] sisters." (Id. at 19 (referring specifically to his Fourteenth Amendment claim).) The Ninth Amendment protects the unenumerated rights of the people not otherwise delineated in the United States Constitution. Am. Constitutional Law Found., Inc. v. Meyer, 120 F.3d 1092, 1106–07 (10th Cir. 1997), aff'd sub nom. Buckley v. Am. Constitutional Law Found., Inc., 525 U.S. 182 (1999) (citing U.S. Const. amend. IX). "The language and history of the Ninth Amendment reveal that the Framers of the Constitution believed that there are additional fundamental rights, protected from governmental infringement, which exist alongside those fundamental rights specifically mentioned in the first eight constitutional amendments." Griswold v. Connecticut, 381 U.S. 479, 488 (1965). The Ninth Amendment does not protect Mr. Malmstrom against the actions of his father, step-mother, or his father's attorney. Rather it protects him from actions taken by the government. Therefore, the Complaint fails to plead a Ninth Amendment claim.

Parker Malmstrom further argues Nancy Trotter, Thomas Malmstrom, and David Blum violated the Fourteenth Amendment. (Compl. 10-11, ECF No. 1.) Parker Malmstrom alleges his "Liberty Interests have been infringed by **Case Steering Tactics** which include the selective admission of and selective exclusion of relevant evidence

8

and testimony which the context is altered to Prejudice the Court against me and pays no respect to validity or consequence." (Id. at 4.)  These tactics impacted Parker Malmstrom's right to a familial relationship with his sisters.  (Id. at 19.)

The Due Process Clause protects life, liberty, and property against state, not private, actors.  Estate of B.I.C. v. Gillen, 710 F.3d 1168, 1173 (10th Cir. 2013); Gray v. Univ. of Colorado Hosp. Auth., 672 F.3d 909, 927 (10th Cir. 2012) ("The Due Process Clause of the Fourteenth Amendment by its plain language applies only to state action.").  Exceptions to the state action/actor rule exists, but the Complaint's allegations do not meet those exceptions.  Estate of B.I.C., 710 F.3d at 1173 ("[f]irst, state officials may be liable for the acts of private parties when the state has assumed a special relationship with and control over an individual. … Second, state officials can be liable for the acts of private parties where those officials created the very danger that caused the harm."); Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982) (finding private conduct can constitute state action if it is "fairly attributable to the State.").

The Complaint fails to allege Nancy Trotter, Thomas Malmstrom, and David Blum served as state actors, or that state liability proceeds under the exceptions to the state action/actor requirement.  None of the allegations against either Nancy Trotter or Thomas Malmstrom gives rise to any inference that they constitute state actors.  Indirectly, the Complaint makes reference to attorneys being officers of the court.  Mr. Blum is a licensed attorney and therefore an officer of the court.  (Compl. x, ECF No. 1.)  While attorneys are officers of the court, the Tenth Circuit follows "the 'vast weight of authority' hold[ing] that 'private attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983.'"  Anderson v. Kitchen,

389 F. App'x 838, 841 (10th Cir. 2010) (unpublished) (quoting Barnard v. Young, 720 F.2d 1188, 1189) (10th Cir. 1983)). Therefore, the undersigned finds the Complaint fails to state a claim under the Fourteenth Amendment.

### D.  Defamation is a State Claim.

Parker Malmstrom alleges Nancy Trotter, David Blum, and Thomas Malmstrom defamed him by publicly accusing him of viewing child pornography and breaking his sister's wrist when he did not. (Compl. ix, 3, 10, 18, ECF No. 1.) Parker Malmstrom classifies the defamation as libel because the acts "resulted in Libelous entries into [his] Public Record File." (Compl. 3, ECF No. 1.) Parker Malmstrom cites to 28 U.S.C. § 4101 as the basis for his libel charge. (Compl. ix, ECF No. 1.) That section of the United States Code merely defines defamation for the purposes of a subsequent section governing recognition of foreign defamation judgments and does not provide a cause of action. See 28 U.S.C. §§ 4101, 4102. Defamation is a state law tort. Nielsen v. Moroni Feed Co., 162 F.3d 604, 607 (10th Cir. 1998) (listing defamation as state law claim); see also Schwartz v. Am. Coll. of Emergency Physicians, 215 F.3d 1140, 1143-44 (10th Cir. 2000) (applying New Mexico law of defamation); TMJ Implants, Inc. v. Aetna, Inc., 498 F.3d 1175, 1183 (10th Cir. 2007) (discussing elements of defamation under Colorado law).

Under Utah law, defamation includes both libel and slander. Utah Code Ann. § 45-2-2; see West v. Thomson Newspapers, 872 P.2d 999, 1007 n.12 (Utah 1994) (explaining libel and slander as different forms of defamation revolving around the "nature of the publication"). To maintain a claim for basic defamation, a plaintiff must allege the defendant "published the statements concerning him, that the statements

were false, defamatory, and not subject to any privilege, that the statements were published with the requisite degree of fault, and that their publication resulted in damage." West v. Thomson Newspapers, 872 P.2d 999, 1007–08 (Utah 1994) (footnotes and citations omitted). "Under Utah law, a statement is defamatory if it impeaches an individual's honesty, integrity, virtue, or reputation and thereby exposes the individual to public hatred, contempt, or ridicule. … [I]n determining whether a particular statement fits within the rather broad definition of what may be considered defamatory, the guiding principle is the statement's tendency to injure a reputation in the eyes of its audience." Id. at 1008. Some defamatory statements are actionable per se, meaning the law presumes the existence of both malice and damages. Larson v. SYSCO Corp., 767 P.2d 557, 560 (Utah 1989). To constitute defamation per se, the defamatory words must "fall into one of four categories: (1) charge of criminal conduct, (2) charge of a loathsome disease, (3) charge of conduct that is incompatible with the exercise of a lawful business, trade, profession, or office; and (4) charge of the unchastity of a woman." Allred v. Cook, 590 P.2d 318, 320 (Utah 1979) (citation omitted).

     Because defamation is a state law cause of action, the defamation claim does not provide a basis for federal question jurisdiction. Therefore, the undersigned RECOMMENDS the District Court grant the Motion to Dismiss the claims against David Blum, Thomas Malmstrom, and Nancy Trotter without prejudice for lack of subject matter jurisdiction.

## RECOMMENDATION

For the reasons discussed above, the undersigned RECOMMENDS the District Court dismiss all of Parker Malmstrom's claims against Nancy Trotter, Thomas Malmstrom, and David Blum without prejudice for lack of subject matter jurisdiction.

The Court will send copies of this Report and Recommendation to the parties and notifies them of their right to object to the same. The Court further notifies the parties that they must file any objection to this Report and Recommendation with the Clerk of the Court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of service thereof. Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 10th day of January 2018.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge