IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| PARKER MALMSTROM and CRYSTAL MALMSTROM,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE OF UTAH, DEPARTMENT OF CHILDREN AND FAMILIES, et al.,<br><br>    Defendants. | **REPORT & RECOMMENDATION: STATE OF UTAH AND UTAH DEPARTMENT OF CHILD AND FAMILY SERVICES MOTION TO DISMISS (ECF No. 49)**<br><br>Case No.  1:17-cv-80-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

On May 16, 2017, pro se Plaintiff Parker Malmstrom filed a Complaint against the State of Utah (Utah), the Department of Children and Families, William Nebeker, Thomas Malmstrom, Nancy Trotter, Jill Coil, and David Blum.  (Compl., ECF No. 1.)  On May 22, 2017, Parker Malmstrom filed an Amended Complaint that joined his mother, Crystal Malmstrom, as a Plaintiff and Jacob Smith as an additional Defendant.  (Am. Civil Rights Compl., ECF No. 3.)  On June 26, 2017, Utah and the Department of Children and Family Services (DCFS) filed a Motion to Dismiss, requesting the Court dismiss the Complaint because of sovereign immunity and for failure to state a claim pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6).  (Mot. to Dismiss (Mot.), ECF No. 49.)  Due to Parker and Crystal Malmstrom's pro se status, the undersigned deems the Amended Complaint to include the allegations and claims of the original Complaint.  At oral argument, Crystal Malmstrom clarified that she only brings claims against Jacob Smith.  Thus, this Motion only addresses Parker Malmstrom's claims

1

against Utah and DCFS.  Having reviewed the parties' briefings, the undersigned[1] RECOMMENDS dismissing all claims against Utah and DCFS without prejudice for failure to state a claim.

## BACKGROUND

"In ruling on a motion to dismiss for failure to state a claim, '[a]ll well-pleaded facts, as distinguished from conclusory allegations, must be taken as true,' and the court must liberally construe the pleadings and make all reasonable inferences in favor of the non-moving party." Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 861 F.3d 1081, 1105 (10th Cir. 2017) (quoting Ruiz v. McDonnell, 299 F.3d 1173, 1181 (10th Cir. 2002) (emphasis added in quotation)).

This case arises out of a state case involving a child custody dispute between Crystal and Thomas Malmstrom.  Now divorced, the two share children together of varying ages.  Parker Malmstrom is one of their adult children.  The Complaint focuses on two accusations made to police and repeated in the family court proceedings regarding child pornography found on a computer in Thomas Malmstrom's possession and an injury to the wrist of Parker Malmstrom's sister, Rachel.  (Comp. at 4-9, ECF No. 1.)  The Complaint alleges many things against other Defendants but little against DCFS and nothing against Utah.  As to DCFS, the Complaint alleges DCFS issued a report finding no abuse or neglect in connection with the injury to Rachel Malmstrom's wrist.  (Id. at 7.)  Parker Malmstrom cites to the report as proof that he did not break his sister's wrist.  The Complaint also alleges that in response to that report Thomas Malmstrom made a complaint against DCFS, which DCFS investigated, and DCFS

---

[1] District Judge David Nuffer referred this case to Magistrate Judge Evelyn J. Furse under 28 U.S.C. § 636(b)(1)(B).  (ECF No. 38.)

found no wrong doing.  (Id. at 7-8.)  Parker Malmstrom cites this finding to support the validity of the DCFS report.

## DISCUSSION

Courts construe pro se pleadings liberally and hold them to a "less stringent standard."  Smith v. United States, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005)).  However, courts cannot act as advocates for pro se litigants, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure (Rules).  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991); Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007) ("[T]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.") (quoting Garrett, 425 F.3d at 840).  A pro se plaintiff's claims should survive a Rule 12(b)(6) motion, "despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  Smith, 561 F.3d at 1096 (quoting Hall, 935 F.2d at 1110).

The Court cannot discern any claims or causes of action that Parker Malmstrom intends to bring against Utah or DCFS from the face of the Complaint.  The only allegations regarding either would seem to praise DCFS's actions in relation to Parker Malmstrom's situation.  Therefore, the Court RECOMMENDS dismissal of the claims against Utah and DCFS without prejudice for failure to state a claim.

In his Opposition, Parker Malmstrom states he sued DCFS for its lack of action but does not add any more factual detail.  (Pls.' Opp'n to Defs. State of Utah & Div. of Family Services Mot. to Dismiss (Opp'n) 2, ECF No. 55.)  "[T]o withstand a motion to

dismiss, a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" Kan. Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Nothing in the Complaint suggests such a claim, and this assertion by itself does not contain enough allegations of fact to state a plausible claim for relief.  Therefore, the undersigned's recommendation remains dismissal without prejudice.

Should the District Judge disagree, the Complaint also fails because Utah and DCFS have immunity from suit under the Eleventh Amendment, and 42 U.S.C. § 1983 only authorizes suits against people, not entities.

**A.      Utah and DCFS Have Immunity From Suit Under the Eleventh Amendment**

Utah and DCFS argue Eleventh Amendment Immunity, absent waiver, prohibits Parker Malmstrom from bringing suit.  (Mot. 1-2, ECF No. 49.)

The Eleventh Amendment provides immunity "from suits brought in federal courts by her own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 663 (1974) (citing Hans v. Louisiana, 134 U.S. 1 (1890)).  Eleventh Amendment Immunity covers both the state and "arms of the state." Ambus v. Granite Bd. of Educ., 995 F.2d 992, 994 (10th Cir. 1993) (quoting Meade v. Grubbs, 841 F.2d 1512, 1525 (10th Cir. 1988)).  Entities exist as an "arm of the state" if they "operate as alter egos or instrumentalities of the states." Watson v. Univ. of Utah Med. Ctr., 75 F.3d 569, 574 (10th Cir. 1996).  Plaintiff cannot sue the state or arms of the state unless the state or arms of the state voluntarily waive their sovereign immunity or the United States Congress validly abrogates their immunity through legislation.  See Va. Office for Prot. & Advocacy v. Stewart, 563 U.S. 247, 253–54 (2011) (noting a state or U.S. Congress

4

can waive or abrogate immunity in certain circumstances).

The Utah Legislature established DCFS as a "division[ ] ... within the Department of Human Services." Utah Code Ann. § 62A–1–105(2)(b).  The Governmental Immunity Act of Utah defines the "State" to include "the [S]tate of Utah, and ... each office, department, division, agency, authority, commission, board, institution, hospital, college, university, Children's Justice Center, or other instrumentality of the state." Id. § 63G–7–102(9).  Thus, DCFS operates as a division and instrumentality of the state and has immunity under the Eleventh Amendment.

Eleventh Amendment Immunity prohibits suits against Utah and its arm, DCFS, absent waiver.  Parker Malmstrom asserts in his Opposition that the Due Process Clause waives Eleventh Amendment Immunity.  (Opp'n at 2, ECF No. 55.)  In support of this proposition Mr. Malmstrom cites a complaint brief in a bankruptcy case.  (Id.)  The Court finds no legal support for this proposition.  More importantly, without knowing what claims Parker Malmstrom intends to bring, the undersigned cannot determine whether the State or DCFS has waived Eleventh Amendment Immunity for those claims.  Therefore, the undersigned RECOMMENDS the District Court dismiss the suit against Utah and DCFS on the alternative basis of Eleventh Amendment Immunity.

### B. In the Alternative, No One Can Bring a 42 U.S.C. § 1983 Claim Against the State of Utah or DCFS

To bring a constitutional claim for monetary damages against a state actor, a plaintiff must do so through 42 U.S.C. § 1983.  Jojola v. Chavez, 55 F.3d 488, 492 (10th Cir. 1995).  "Section 1983 created a federal cause of action for damages to vindicate alleged violations of federal law committed by individuals acting 'under color of state law.'" Id. (quoting 42 U.S.C. § 1983).  Section 1983 specifically applies to violations

5

committed by "person[s]." 42 U.S.C. § 1983.  Furthermore, § 1983 does not waive the state or arms of the state's Eleventh Amendment Immunity.  <u>Ellis v. Univ. of Kan. Med. Ctr.</u>, 163 F.3d 1186, 1196 (10th Cir. 1999).  Nor has Utah waived its or its arms' immunity for civil rights claims.  <u>See</u> Utah Code Ann. § 63G-7-201(1), (4)(b).  Therefore, Parker Malmstrom fails to state a § 1983 claim against either Utah or DCFS, and the Court RECOMMENDS dismissal of the claims against Utah and DCFS to the extent Parker Malmstrom attempted to bring § 1983 claims against them without prejudice.

## RECOMMENDATION

For the reasons discussed above, the undersigned RECOMMENDS the District Judge dismiss Parker Malmstrom's claims against Utah and DCFS without prejudice for failure to state a claim.  Alternatively, the undersigned RECOMMENDS the District Judge dismiss Parker Malmstrom's claims against Utah and DCFS without prejudice because of their Eleventh Amendment Immunity.  Alternatively, the claims against Utah and DCFS fail to state a claim because neither constitutes a "person" subject to suit under 42 U.S.C. § 1983.

The Court will send copies of this Report and Recommendation to the parties and notifies them of their right to object to the same.  The Court further notifies the parties that they must file any objection to this Report and Recommendation with the Clerk of the Court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of service thereof.  Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this tenth day of January, 2018.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge