IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| PARKER MALMSTROM and CRYSTAL MALMSTROM,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE OF UTAH, DEPARTMENT OF CHILDREN AND FAMILIES, et al.,<br><br>    Defendants. | **REPORT & RECOMMENDATION: Jill COIL'S MOTION TO DISMISS (ECF No. 22)**<br><br>Case No. 1:17-cv-80-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

On May 16, 2017, pro se Plaintiff Parker Malmstrom filed a Complaint against the State of Utah, the Department of Children and Families, William Nebeker, Thomas Malmstrom, Nancy Trotter, Jill Coil, in her role as guardian ad litem (GAL), and David Blum. (Compl., ECF No. 1.) On May 22, 2017, Parker Malmstrom filed an Amended Complaint that joined his mother, Crystal Malmstrom, as a Plaintiff and Jacob Smith as an additional Defendant. (Am. Civil Rights Compl., ECF No. 3.) On June 7, 2017, Ms. Coil mailed a Motion to Dismiss, requesting the Court dismiss Plaintiffs' Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6) to Parker Malmstrom, and the Court filed the mailed Motion on June 8, 2017. (Rule 12(b)(6) Mot. to Dismiss (Mot.), ECF No. 22.) Due to Parker and Crystal Malmstrom's pro se status, the undersigned deems the Amended Complaint to include the allegations and claims of the original Complaint. At oral argument, Crystal Malmstrom clarified that she only brings claims against Jacob Smith. Thus, this Motion only addresses Parker Malmstrom's claims against Ms. Coil.

1

Ms. Coil moves the Court to dismiss Parker Malmstrom's Complaint for failure to state a claim pursuant to Rule 12(b)(6).  (Mot. 1, ECF No. 22.)  Having reviewed the parties' briefings, the undersigned[1] RECOMMENDS dismissing all claims against Ms. Coil without prejudice.  In short, Parker Malmstrom fails to state any federal claims against Ms. Coil.  Diversity of citizenship does not exist between the parties.  Therefore, the Court lacks subject matter jurisdiction to consider Parker Malmstrom's state law claims.

## BACKGROUND

"In ruling on a motion to dismiss for failure to state a claim, '[a]ll well-pleaded facts, as distinguished from conclusory allegations, must be taken as true,' and the court must liberally construe the pleadings and make all reasonable inferences in favor of the non-moving party."  Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 861 F.3d 1081, 1105 (10th Cir. 2017) (quoting Ruiz v. McDonnell, 299 F.3d 1173, 1181 (10th Cir. 2002) (emphasis added in quotation)).

This case arises out of a state case involving a child custody dispute between Crystal and Thomas Malmstrom.  Now divorced, the two share children together of varying ages.  Parker Malmstrom is one of their adult children.  From the face of the Complaint, the undersigned understands that Ms. Coil serves as GAL to Parker Malmstrom's sisters in an ongoing custody dispute.  (Compl. x, ECF No. 1.)  The Complaint alleges Ms. Coil engaged in "case steering tactics", which included defamation, perjury, tampering with a witness, victim, or informant, and violations of the First, Sixth, Ninth, and Fourteenth Amendments.  (Id. at 10-11, ECF No. 1.)  The

---

[1] District Judge David Nuffer referred this case to Magistrate Judge Evelyn J. Furse under 28 U.S.C. § 636(b)(1)(B).  (ECF No. 38.)

Complaint focuses on two accusations made in the family court proceedings regarding child pornography found on a computer in Thomas Malmstrom's possession and an injury to the wrist of Parker Malmstrom's sister, Rachel. (Id. at 4-9.)

Parker Malmstrom alleges Ms. Coil told the court that he looked at child pornography on Thomas Malmstrom's computer. (Id. at 5.) The Complaint states that Ms. Coil did not consult with the detective on the criminal case or with Parker Malmstrom prior to making that statement. (Id. at 6.) Parker Malmstrom claims, in reality, he found child pornography on his father's computer – a device which originally belonged to Nancy Trotter, Thomas Malmstrom's current wife – and sent pictures to his mother, acting on the instructions of the police. (Id. at 5, 15.) Parker Malmstrom alleges Ms. Coil "tampered with the witness in the child porn case with Harrisville City Police Department to attack my credibility, and therefore to be able to impeach my testimony violated the I, VI, IX, XI V Amendments and worked in concert together to defame me, and to bleed my mom dry." (Id. at 10-11.) Parker Malmstrom claims no evidence exists to support the allegation that he looked at child pornography. (Id. at 5.)

Parker Malmstrom also alleges Ms. Coil told the court he broke his sister Rachel's wrist. (Id. at 6, 18.) Ms. Coil told the court she had reviewed the police, DCFS, and medical reports prior to the hearing. (Id. at 6.) The Complaint states that all of those reports show Rachel Malmstrom did not suffer a broken wrist and cleared Parker Malmstrom of any wrongdoing. (Id. at 6-8.) Ms. Coil did not provide these reports to the court. (Id. at 9.) Parker Malmstrom construes the allegations made by Ms. Coil as criminal accusations and invokes his Sixth Amendment right to confront his

accuser.  (Id. at 6, 18.)  Parker Malmstrom alleges Ms. Coil "committed perjury by failing to disclose known exculpatory evidence… resulting in Libel."  (Id. at 10.)

The Complaint accuses Ms. Coil of breaching her fiduciary duty as a lawyer by intentionally inflicting harm on Parker Malmstrom by causing the court to prohibit him from having unsupervised visits with his sisters for over a year.  (Id. at 6, 16.)

## DISCUSSION

Ms. Coil moved to dismiss on a variety of grounds including that the Complaint is "disjointed and incoherent," and "[i]t should not be Defendant's burden—or the court's—to decipher Plaintiffs' claims."  (Mot. 2-3, ECF No. 22.)  While the Court sees Ms. Coil's perspective, the Tenth Circuit requires courts to construe pro se pleadings liberally and hold them to a "less stringent standard."  Smith v. United States, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005)).  Indeed, a pro se plaintiff's claims should survive a Rule 12(b)(6) motion, "despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  Smith, 561 F.3d at 1096 (quoting Hall, 935 F.2d at 1110).  Therefore, the undersigned does not recommend dismissal simply because the Complaint is disjointed and fails to state its claims clearly.

Of course, courts cannot act as advocates for pro se litigants, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991); Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007) ("[T]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.") (quoting Garrett, 425 F.3d at 840).

4

Thus, as an initial matter, the Court must determine whether it has subject matter jurisdiction. See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 549 U.S. 422, 430–31 (2007) (requiring findings of subject-matter and personal jurisdiction prior to reaching a case's merits).

**A.      Subject Matter Jurisdiction**

Federal district courts hold limited subject matter jurisdiction; the Constitution and acts of Congress set forth the scope of their authority. Radil v. Sanborn W. Camps, Inc., 384 F.3d 1220, 1225 (10th Cir. 2004). Even when no party questions subject matter jurisdiction, a federal court holds "an independent obligation to determine whether subject-matter jurisdiction exists." 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006). "Parties cannot confer on a federal court jurisdiction which has not been granted by the Constitution and Congress, and parties cannot waive lack of subject matter jurisdiction." Henry v. Office of Thrift Supervision, 43 F.3d 507, 511 (10th Cir. 1994).

Subject matter jurisdiction arises through one of two ways. First, Congress provides the federal district courts with federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." Firstenberg v. City of Santa Fe, 696 F.3d 1018, 1023 (10th Cir. 2012) (quoting 28 U.S.C. § 1331). Second, Congress grants federal district courts authority "over 'all civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between ... citizens of different States,'" authority known as diversity jurisdiction. Grynberg v. Kinder Morgan Energy Partners, L.P., 805 F.3d 901, 905 (10th Cir. 2015) (quoting 28 U.S.C. § 1332).

The Complaint alleges federal constitutional and statutory violations, which if

adequately pled, convey subject matter jurisdiction on this Court. (Compl. ix, 10-11, 14, ECF No. 1.)

The Court does not hold diversity jurisdiction over the claims. To invoke diversity jurisdiction, "the citizenship of all defendants must be different from the citizenship of all plaintiffs." McPhail v. Deere & Co., 529 F.3d 947, 951 (10th Cir. 2008). In this case, both Plaintiffs and Defendants appear to be citizens of Utah. Therefore, the Court lacks diversity jurisdiction over the case.

**B.     No Private Right of Action Exists for Perjury and Witness Tampering**

Parker Malmstrom alleges Ms. Coil committed perjury, in violation of 18 U.S.C. § 1621, and witness tampering, in violation of 18 U.S.C. § 1512. (Compl. ix, 10-11, 14, ECF No. 1.) However, Congress afforded neither of these claims a private right of action, preventing Parker Malmstrom from bringing these charges against Ms. Coil. See Clements v. Chapman, 189 F. App'x 688, 690, 692 (10th Cir. 2006) (unpublished) (finding no private right of action under 18 U.S.C. §§ 1512, 1621); Diamond v. Charles, 476 U.S. 54, 64-65 (1986) (holding that private citizens cannot compel enforcement of criminal law). Therefore, the Complaint fails to state a federal claim under these statutes. For this reason, the undersigned RECOMMENDS the District Judge dismiss the perjury and witness tampering claims.

**C.     The Complaint Fails to Plead Violations of the First and Sixth Amendments Adequately**

Parker Malmstrom also alleges Ms. Coil violated the First and Sixth Amendments. (Compl. 10-11, ECF No. 1.)

The Complaint fails to elaborate how Ms. Coil violated the First Amendment, other than asserting "Defamation is not protected by the First Amendment." (Id. at 18.)

6

Defamation and First Amendment violations represent two separate causes of action. Simply because the First Amendment's protections fail to extend to a particular action, such as defamation, does not mean that action violates the First Amendment. Therefore, the undersigned finds the Complaint fails to present allegations supporting a First Amendment claim.

Parker Malmstrom also argues Ms. Coil violated the Sixth Amendment because she made criminal accusations against him in the family court proceeding without giving him the opportunity to confront his accusers. (Compl. 6, 18-19, ECF No. 1.) Specifically, she accused Parker Malmstrom of breaking Rachel Malmstrom's wrist. (Id.) "In all criminal prosecutions, state as well as federal, the accused has a right, guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, 'to be confronted with the witnesses against him.'" Lilly v. Virginia, 527 U.S. 116, 123–24, (1999) (quoting U.S. Const. amend. VI). The Complaint acknowledges the prior court proceeding was not a criminal prosecution against Parker Malmstrom but rather a family court proceeding. (Compl. 6, ECF No. 1.) Because Ms. Coil made this allegation outside of a criminal case, Parker Malmstrom had no right to confront witnesses. Therefore, the Complaint fails to state a Sixth Amendment claim.

Hence, the undersigned RECOMMENDS the District Judge dismiss the First and Sixth Amendment claims for failure to state a claim.

### D.   Ms. Coil, acting as GAL, is Not a State Actor for Purposes of the Ninth and Fourteenth Amendments

Parker Malmstrom alleges Ms. Coil violated the Ninth Amendment but offers no further explanation. (Compl. 10-11, ECF No. 1.) Given the Complaint as a whole, the Court concludes Parker Malmstrom objects to violations of his "rights to be a brother,

7

friend, and advocate to [his] sisters." (Id. at 19 (referring expressly to his Fourteenth Amendment claim).) The Ninth Amendment protects the unenumerated rights of the people not otherwise delineated in the United States Constitution. Am. Constitutional Law Found., Inc. v. Meyer, 120 F.3d 1092, 1106–07 (10th Cir. 1997), aff'd sub nom. Buckley v. Am. Constitutional Law Found., Inc., 525 U.S. 182 (1999) (citing U.S. Const. amend. IX). "The language and history of the Ninth Amendment reveal that the Framers of the Constitution believed that there are additional fundamental rights, protected from governmental infringement, which exist alongside those fundamental rights specifically mentioned in the first eight constitutional amendments." Griswold v. Connecticut, 381 U.S. 479, 488 (1965). The Ninth Amendment thus protects Parker Malmstrom from actions taken by the government.

Similarly, Parker Malmstrom argues Ms. Coil violated the Fourteenth Amendment. (Compl. 10-11, ECF No. 1.) Parker Malmstrom alleges his "Liberty Interests have been infringed by **Case Steering Tactics** which include the selective admission of and selective exclusion of relevant evidence and testimony which the context is altered to Prejudice the Court against me and pays no respect to validity or consequence." (Id. at 4.) These tactics impacted Parker Malmstrom's right to a familial relationship with his sisters and forced him to have supervised visitation. (Id. at 6, 16, 19.)

The Due Process Clause protects life, liberty, and property against state, not private, actors. Estate of B.I.C. v. Gillen, 710 F.3d 1168, 1173 (10th Cir. 2013); Gray v. Univ. of Colorado Hosp. Auth., 672 F.3d 909, 927 (10th Cir. 2012) ("The Due Process Clause of the Fourteenth Amendment by its plain language applies only to state

action."). To bring a constitutional claim for monetary damages against a state official, a plaintiff must do so through 42 U.S.C. § 1983. Jojola v. Chavez, 55 F.3d 488, 492 (10th Cir. 1995). "Section 1983 created a federal cause of action for damages to vindicate alleged violations of federal law committed by individuals acting 'under color of state law.'" Id. (quoting 42 U.S.C. § 1983).

Exceptions to the state action/actor rule exist, but the Tenth Circuit has explicitly held a "guardian ad litem should not be considered a state actor for purposes of the civil rights statutes." Meeker v. Kercher, 782 F.2d 153, 155 (10th Cir. 1986). All of the bad acts allegedly engaged in by Ms. Coil occurred within her role as GAL. As a result, Ms. Coil's actions are not those of a state actor. Therefore, Parker Malmstrom cannot obtain redress for Ms. Coil's alleged violations of his Ninth or Fourteenth Amendment rights. Hence, the Complaint fails to state a claim for violations of the Ninth or Fourteenth Amendment by Ms. Coil.

Notably, Tenth Circuit case law also grants GALs absolute quasi-judicial immunity, a form of absolute immunity given to actors other than judges, "who perform functions closely associated with the judicial process." Dahl v. Dahl, 744 F.3d 623, 630 (10th Cir. 2014) (quoting Cleavinger v. Saxner, 474 U.S. 193, 200 (1985)). Such immunity covers "functions such as testifying in court, prosecuting custody or neglect petitions, and making reports and recommendations to the court in which the guardian acts as an actual functionary or arm of the court, not only in status or denomination but in reality." Dahl, 744 F.3d at 630 (emphasis added) (quoting Gardner v. Parson, 874 F.2d 131, 146 (3d Cir. 1989)); Fuller v. Davis, 594 F. App'x 935, 939 (10th Cir. 2014) (unpublished) (applying absolute immunity to GAL's "participation in the operative

9

events … in furtherance of the judicial process").  This case law would appear to conflict with the case law suggesting GALs do not constitute state actors because "a guardian ad litem assumes no 'obligation to the mission of the state,' but owes his or her undivided loyalty to the minor, not the state."  Meeker, 782 F.2d at 155 (quoting Polk Co. v. Dodson, 454 U.S. 312, 320 (1981)).  Nonetheless the result remains the same:  Parker Malmstrom cannot state a claim for violations of constitutional rights against Ms. Coil for actions taken in her role as GAL.

Hence, the undersigned RECOMMENDS the District Judge dismiss the Ninth and Fourteenth Amendment claims for failure to state a claim due either to the lack of state action or absolute quasi-judicial immunity.

**E.**     **Defamation, Unjust Enrichment, and Breach of Fiduciary Duty are State Law Claims Over Which This Court Lacks Subject Matter Jurisdiction.**

Parker Malmstrom also alleges Ms. Coil defamed him by publicly accusing him of viewing child pornography and breaking his sister's wrist when he did not.  (Compl. ix, 3, 10, 18, ECF No. 1.)  Parker Malmstrom classifies the defamation as libel because the acts "resulted in Libelous entries into [his] Public Record File."  (Compl. 3, ECF No. 1.)  Parker Malmstrom cites to 28 U.S.C. § 4101 as the basis for his libel charge.   (Compl. ix, ECF No. 1.)  That section of the United States Code merely defines defamation for the purposes of a subsequent section governing recognition of foreign defamation judgments and does not provide a cause of action.  See 28 U.S.C. §§ 4101, 4102.  Defamation is a state law tort.  Nielsen v. Moroni Feed Co., 162 F.3d 604, 607 (10th Cir. 1998) (listing defamation as  state law claim); see also Schwartz v. Am. Coll. of Emergency Physicians, 215 F.3d 1140, 1143-44 (10th Cir. 2000) (applying  New Mexico law of defamation); TMJ Implants, Inc. v. Aetna, Inc., 498 F.3d 1175, 1183 (10th Cir.

2007) (discussing elements of defamation under Colorado law).

Parker Malmstrom explains the claim of unjust enrichment but fails to indicate against whom he asserts this claim. (Compl. 13, ECF No. 1.) The Complaint seems to suggest that any benefit derived by any Defendant in taking the alleged actions should be disgorged under the unjust enrichment claim. (Id.) To the extent Parker Malmstrom attempts to allege an unjust enrichment claim, it too constitutes a state law claim. Harvey Barnett, Inc. v. Shidler, 338 F.3d 1125, 1127 (10th Cir. 2003) (recognizing unjust enrichment as a state law claim).

The Complaint also alleges Ms. Coil breached her fiduciary duty by engaging in the previously described "case steering tactics." (Compl. 6, ECF No. 1.) To the extent the Complaint attempts to state a claim for breach of fiduciary duty, that claim is also a state law claim. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 579 (1999) (recognizing breach of fiduciary duty as a state law claim).

Because defamation, unjust enrichment, and breach of fiduciary duty are state law causes of action, they do not provide a basis for federal question jurisdiction. Therefore, the undersigned RECOMMENDS the District Court grant the Motion to Dismiss the claims for defamation, unjust enrichment, and breach of fiduciary duty against Ms. Coil without prejudice for lack of subject matter jurisdiction.

## RECOMMENDATION

In summary, the undersigned RECOMMENDS the District Judge dismiss the perjury, witness tampering, First and Sixth Amendment claims against Ms. Coil for failure to state a claim. The undersigned also RECOMMENDS the District Judge dismiss the Ninth and Fourteenth Amendment claims against Ms. Coil for failure to

state a claim due either to the lack of state action or absolute quasi-judicial immunity. On all of these claims, the undersigned RECOMMENDS dismissal without prejudice because Parker Malmstrom proceeds pro se, and the undersigned may have misunderstood the claims he intends to bring, or he may have omitted key facts from his Complaint.  See Gee v. Pacheco, 627 F.3d 1178, 1195 (10th Cir. 2010) (acknowledging that dismissal of a pro se complaint with prejudice "for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend") (quoting Oxendine v. Kaplan, 241 F.3d 1272, 1275 (10th Cir. 2001)).  Lastly, the undersigned RECOMMENDS the District Court dismiss the defamation, unjust enrichment, and breach of fiduciary duty claims against Ms. Coil without prejudice for lack of subject matter jurisdiction.

    The Court will send copies of this Report and Recommendation to the parties and notifies them of their right to object to the same.  The Court further notifies the parties that they must file any objection to this Report and Recommendation with the Clerk of the Court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of service thereof.  Failure to file objections may constitute waiver of objections upon subsequent review.

    DATED this 11th day of January 2018.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge