IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| PARKER MALMSTROM and CRYSTAL MALMSTROM,<br><br>               Plaintiffs,<br><br>v.<br><br>STATE OF UTAH, DEPARTMENT OF CHILDREN AND FAMILIES, et al.,<br><br>               Defendants. | **REPORT & RECOMMENDATION: WILLIAM NEBEKER'S MOTION TO DISMISS (ECF No. 35)**<br><br>Case No.  1:17-cv-80-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

On May 16, 2017, pro se Plaintiff Parker Malmstrom filed a Complaint against the State of Utah, the Department of Children and Families, William Nebeker, Thomas Malmstrom, Nancy Trotter, Jill Coil, and David Blum.  (Compl., ECF No. 1.)  On May 22, 2017, Parker Malmstrom filed an Amended Complaint which joined his mother, Crystal Malmstrom, as a Plaintiff and Jacob Smith as an additional Defendant.  (Am. Civil Rights Compl., ECF No. 3.)  Due to Parker and Crystal Malmstrom's pro se status, the undersigned deems the Amended Complaint to include the allegations and claims of the original Complaint.  At oral argument, Crystal Malmstrom clarified that she only brings claims against Jacob Smith.  Thus, this Motion only addresses Parker Malmstrom's claims against Mr. Nebeker.

On June 15, 2017, William Nebeker entered a limited appearance in this action to file a Motion to Dismiss requesting the Court dismiss the Complaint for lack of personal jurisdiction, insufficient service of process, and failure to state a claim upon which the court may grant relief.  (Notice of Appearance, ECF No. 34; Rule 12(b) Mot. 1-2, ECF No. 35 (citing Fed. R. Civ. P. 12(b)(2), (5)-(6)).)  Having reviewed the parties'

1

briefings, the undersigned[1] RECOMMENDS dismissing all claims against Mr. Nebeker for lack of personal and subject matter jurisdiction.

## BACKGROUND

This case arises out of a state case involving a child custody dispute between Crystal and Thomas Malmstrom.  Now divorced, the two share children together of varying ages.  Parker Malmstrom is one of their adult children.  The Complaint alleges Jill Coil, Nancy Trotter, Thomas Malmstrom, and David Blum participated in "case steering tactics", which included defamation, perjury, tampering with a witness, victim, or informant, and violations of First, Sixth, Ninth, and Fourteenth Amendments.  (Compl. ix, 10-11, ECF No. 1.)  Jill Coil serves as GAL to Parker Malmstrom's sisters, Thomas Malmstrom is now remarried to Nancy Trotter, and David Blum represents Thomas Malmstrom in the custody dispute.  The Complaint focuses on two accusations made to police and repeated in the family court proceedings regarding child pornography found on a computer in Thomas Malmstrom's possession and an injury to the wrist of Parker Malmstrom's sister, Rachel.  (Id. at 4-9.)

The thirty-three pages of the pleading only mention Mr. Nebeker once within the body of the Complaint and once in the introduction—identifying him as an attorney. (Compl. i, 14, ECF No. 1.)  The second mention comes in a block quote attributed to Commissioner Gardner from a child custody hearing in which custody changed "on [an] immediate basis."  (Id. at 14-15.)  A subsequent attachment to a filing makes clear Mr. Nebeker acted as Crystal Malmstrom's attorney in the matter.  (App'x of Other Docs. 1, ECF No. 86-1.)  Mr. Nebeker spoke in the hearing, and the Commissioner

---

[1] District Judge David Nuffer referred this case to Magistrate Judge Evelyn J. Furse under 28 U.S.C. § 636(b)(1)(B).  (ECF No. 38.)

acknowledged his statements that the allegations against Parker Malmstrom may be "addressable" or "even innocuous." (Compl. 14-15, ECF No. 1.) Despite Mr. Nebeker's arguments, the court changed custody of Parker Malmstrom's sisters at that hearing. (Id.) The Complaint includes no further allegations about Mr. Nebeker.

## DISCUSSION

Courts construe pro se pleadings liberally and hold them to a "less stringent standard." Smith v. United States, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005)). However, courts cannot act as advocates for pro se litigants, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure (Rules). Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991); Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007) ("[T]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.") (quoting Garrett, 425 F.3d at 840).

### A. Personal Jurisdiction

Rule 4 places the responsibility on the plaintiff to ensure a third-party serves upon the defendant a copy of the summons and complaint. Fed. R. Civ. P. 4(c) (describing proper service of process). A plaintiff may serve an individual defendant within the United States properly by:

> **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> **(2)** doing any of the following:
> > **(A)** delivering a copy of the summons and of the complaint to the individual personally;
> > **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

> **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Utah's procedural rules allow for three methods of personal service of process upon an individual:

> (A) . . . by delivering a copy of the summons and complaint to the individual personally, or by leaving them at the individual's dwelling house or usual place of abode with a person of suitable age and discretion who resides there, or by delivering them to an agent authorized by appointment or by law to receive process[.]

Utah R. Civ. P. 4(d)(1). Utah also permits service by mail or commercial courier service as long as "the defendant signs a document indicating receipt." Utah R. Civ. P. 4(d)(2)(A).

A defendant who believes improper service of process occurred may motion for dismissal pursuant to Rule 12(b)(5). Fed. R. Civ. 12(b)(5). "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). Upon challenge to service of process, the plaintiff bears the burden to show proper service occurred. Fed. Deposit Ins. Corp v. Oaklawn Apartments, 959 F.2d 170, 174 (10th Cir. 1992) (stating plaintiff bears burden of proof in establishing valid service of process).

In his Motion to Dismiss, Mr. Nebeker asserts a process server served Tara Newland with a Summons and Complaint. (Mot. 2, ECF No. 35.) Mr. Nebeker claims Ms. Newland: (1) "is not an agent or authorized to receive service on behalf of Mr. Nebeker" and (2) "does not reside at or in Mr. Nebeker's dwelling or usual place of abode." (Id.) Because the process server delivered service upon Ms. Newland and not

4

Mr. Nebeker, Mr. Nebeker asserts proper service failed to occur under any procedure authorized by Federal Rule 4 or Utah Rule of Civil Procedure 4.  (Id. at 5.)

Parker Malmstrom filed an opposition to all of the motions to dismiss in the case, William Nebeker's included, on August 1, 2017.  (Pls.' Opp'n of Mots. to Dismiss, ECF No. 68.)  In rebuttal to Mr. Nebeker's arguments, Parker Malmstrom writes:  "William Nebeker stated that the service was not proper because it was not served on his personal abode.  Defendant also failed to serve Plaintiffs in a timely manner receiving the 12(b) motion 3 days after it was due."  (Id. at 8.)  Claiming the opposing party failed to serve response in a timely fashion provides no protection against the deficiency of service of process.  See e.g. Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp., 115 F.3d 767, 771 (10th Cir. 1997) (overturning a default judgment because court did not determine whether it had jurisdiction to grant default judgment in the first place).  Insufficient service of process means the court lacks personal jurisdiction over a defendant.  Hukill v. Okla. Native Am. Domestic Violence Coalition, 542 F.3d 794, 797 (10th Cir. 2008).

Parker Malmstrom goes on to quote Federal Rule 5(b).  (Opp'n 8-9, ECF No. 68.)  Rule 5 establishes how service of pleadings "after the original complaint", motions, notices, and other papers, may proceed.  Fed. R. Civ. P. 5(a).  Notably, Rule 5 opens up possibilities of service that Rule 4 disallows, such as service by mail without receipt or leaving the paper at a person's office.  Fed. R. Civ. P. 5(b).  While not explicitly argued, the undersigned understands the inclusion of Rule 5 to indicate Parker Malmstrom believes service sufficiently occurred under this Rule.  Rule 5 only applies to

papers besides the "original complaint." Fed. R. Civ. P. 5(a). Rule 4 guides service of the original complaint, which must be accompanied by a summons. Fed. R. Civ. P. 4.

Parker Malmstrom makes no allegations to suggest proper service of process under Rule 4 occurred. Park Malmstrom filed two other Responses to Mr. Nebeker's Motion. (Pls.' Resp. to Def. William Nebeker Dkt Entry 35, ECF Nos. 80 & 86.) The local rules only permit one response to a motion unless the party gets permission from the court to file additional briefing. DUCivR 7-1(b)(2)(B). Parker Malmstrom may have confused the docket text order at ECF No. 75 as permission. It was not. That docket test order authorized a reply brief only, which had previously been preempted by a stay on July 26, 2017 at the hearing, ECF No. 66.

Furthermore, Mr. Nebeker explicitly decided not to waive the service requirement and entered his appearance solely to challenge the Court's jurisdiction. (See Notice of Appearance, ECF No. 34; Mot., ECF No. 35.) Thus Parker Malmstrom failed to serve process upon Mr. Nebeker properly. Therefore, the Court lacks personal jurisdiction over Mr. Nebeker.

**B.    Subject Matter Jurisdiction**

Before ruling on the merits of a case, the Court must determine whether it holds subject matter jurisdiction over the case. See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 549 U.S. 422, 430–31 (2007) (requiring findings of subject-matter and personal jurisdiction prior to reaching a case's merits). Federal district courts hold limited subject matter jurisdiction; the Constitution and acts of Congress set forth the scope of their authority. Radil v. Sanborn W. Camps, Inc., 384 F.3d 1220, 1225 (10th Cir. 2004). Even when no party questions subject matter jurisdiction, a federal court holds "an

independent obligation to determine whether subject-matter jurisdiction exists." 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006). "Parties cannot confer on a federal court jurisdiction which has not been granted by the Constitution and Congress, and parties cannot waive lack of subject matter jurisdiction." Henry v. Office of Thrift Supervision, 43 F.3d 507, 511 (10th Cir. 1994).

Subject matter jurisdiction arises through one of two ways. First, Congress provides the federal district courts with federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." Firstenberg v. City of Santa Fe, 696 F.3d 1018, 1023 (10th Cir. 2012) (quoting 28 U.S.C. § 1331). Second, Congress grants federal district courts authority "over 'all civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between ... citizens of different States,'" authority known as diversity jurisdiction. Grynberg v. Kinder Morgan Energy Partners, L.P., 805 F.3d 901, 905 (10th Cir. 2015) (quoting 28 U.S.C. § 1332).

The Complaint alleges federal constitutional and statutory violations, which if adequately pled, could convey subject matter jurisdiction on this Court. (Compl. ix, 10-11, 14, ECF No. 1.) To establish federal question jurisdiction, such action must "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[T]o withstand a motion to dismiss, a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" Kan. Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Nothing in the Complaint suggests a claim that Parker Malmstrom could bring against Mr. Nebeker, let alone a federal claim. Thus, the

Complaint raises no federal question as to Mr. Nebeker, and the Court lacks federal question jurisdiction.

The Court does not hold diversity jurisdiction over any claims in this case. To invoke diversity jurisdiction, "the citizenship of all defendants must be different from the citizenship of all plaintiffs." McPhail v. Deere & Co., 529 F.3d 947, 951 (10th Cir. 2008). In this case, both Plaintiffs and Defendants appear to be citizens of Utah. Therefore, the Court lacks diversity jurisdiction over the case.

Lacking subject matter jurisdiction, the undersigned RECOMMENDS the District Judge dismiss the claims against Mr. Nebeker without prejudice.

## RECOMMENDATION

For the reasons discussed above, the undersigned RECOMMENDS the District Judge dismiss the claims against Mr. Nebeker without prejudice for lack of personal and subject matter jurisdiction.

The Court will send copies of this Report and Recommendation to the parties and notifies them of their right to object to the same. The Court further notifies the parties that they must file any objection to this Report and Recommendation with the Clerk of the Court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of service thereof. Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 12th day of January, 2018.

BY THE COURT:

EVELYN J. FURSE
United States Magistrate Judge