IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| PARKER MALMSTROM and CRYSTAL MALMSTROM,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF UTAH, DEPARTMENT OF CHILDREN AND FAMILIES, et al.,<br><br>Defendants. | **REPORT & RECOMMENDATION: JACOB SMITH'S MOTION TO DISMISS (ECF NO. 46)**<br><br>Case No. 1:17-cv-80-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

On May 16, 2017, pro se Plaintiff Parker Malmstrom filed a Complaint against the State of Utah, the Department of Children and Families, William Nebeker, Thomas Malmstrom, Nancy Trotter, Jill Coil, and David Blum. (Compl., ECF No. 1.) On May 22, 2017, Parker Malmstrom filed an Amended Complaint joining his mother, Crystal Malmstrom, as a Plaintiff and Jacob Smith as an additional Defendant. (Am. Compl., ECF No. 3.) Mr. Smith moves the Court to dismiss Crystal Malmstrom's Amended Complaint against him for failure to state a claim pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). (Rule 12(b)(6) Mot. to Dismiss, ECF No. 46.) Having reviewed the parties' briefing, the undersigned[1] RECOMMENDS dismissing all claims against Mr. Smith for failure to state a claim.

---

[1] District Judge David Nuffer referred this case to Magistrate Judge Evelyn J. Furse under 28 U.S.C. § 636(b)(1)(B). (ECF No. 38.)

1

**BACKGROUND**

"In ruling on a motion to dismiss for failure to state a claim, '[a]ll well-pleaded facts, as distinguished from conclusory allegations, must be taken as true,' and the court must liberally construe the pleadings and make all reasonable inferences in favor of the non-moving party." Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 861 F.3d 1081, 1105 (10th Cir. 2017) (quoting Ruiz v. McDonnell, 299 F.3d 1173, 1181 (10th Cir. 2002) (emphasis added in quotation)).

This case arises out of a state case involving a child custody dispute between Crystal and Thomas Malmstrom. Now divorced, the two share children together of varying ages. Parker Malmstrom is one of their adult children. The Complaint focuses on two accusations made to police and repeated in the family court proceedings regarding child pornography found on a computer in Thomas Malmstrom's possession and an injury to the wrist of Parker Malmstrom's sister, Rachel. (Comp. at 4-9, ECF No. 1.)

The Amended Complaint adds claims against Jacob Smith, Crystal Malmstrom's attorney in the family court proceeding. (Am. Compl., ECF No. 3.) The Amended Complaint alleges a violation of 28 U.S.C. § 1927, (id. at 4), a provision entitled "Counsel's liability for excessive costs." In lieu of supporting facts, Crystal Malmstrom writes, "[s]ee attached email thread," referring to an e-mail correspondence between herself and Mr. Smith, submitted as an exhibit to the Amended Complaint. (Am. Compl. 4, ECF No. 3; Exhibits, ECF No. 4.) The Amended Complaint further alleges Mr. Smith deprived Crystal Malmstrom of her rights under 42 U.S.C. § 1983, specifically, "[her] rights to be free of contempt of court for failure to produce a document that does not

exist." (Am. Compl. 4, ECF No. 3.) The Amended Complaint also alleges violation of 26 U.S.C. § 6103, (id. at 4-5), a section of the Internal Revenue Code's Miscellaneous Provisions setting forth "[c]onfidentiality and disclosure of returns and return information." Describing this violation, Crystal Malmstrom writes: "I was forced under threat of contempt of court to sign two forms for IRS for me to produce tax documents that do not exist." (Id. at 5.)

## DISCUSSION

Courts construe pro se pleadings liberally and hold them to a "less stringent standard." Smith v. United States, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005)). However, courts cannot act as advocates for pro se litigants, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure (Rules). Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991); Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007) ("[T]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.") (quoting Garrett, 425 F.3d at 840). A pro se plaintiff's claims should survive a Rule 12(b)(6) motion, "despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Smith, 561 F.3d at 1096 (quoting Hall, 935 F.2d at 1110).

### A.  28 U.S.C. § 1927

"Under § 1927, a district court may assess an award of fees against an attorney appearing before the court if (1) the actions of the attorney multiply the proceedings and (2) the attorney's actions are vexatious and unreasonable." Dreiling v. Peugeot

Motors of Am., Inc., 768 F.2d 1159, 1165 (10th Cir. 1985).  The statute does not provide a cause of action; it provides a mechanism for a court to impose sanctions and a party to recover costs and fees if an opposing attorney multiplies the proceedings and causes unreasonable and vexatious costs in a case.  See Keiswetter v. Worden, No. CIV. A. 89-4001-S, 1989 WL 94871, at *2 (D. Kan. July 20, 1989) (unpublished) (dismissing claim under 28 U.S.C. § 1927 because "[t]his statute does not provide a cause of action. Section 1927 allows a party to recover attorneys' fees and excessive costs if the opposing attorney has multiplied the proceeding and caused unreasonable and vexatious costs."); see also Carbajal-Ramierez v. Bland Farms, Inc., 234 F. Supp. 2d 1353, 1354–55 (S.D. Ga. 2001) ("28 U.S.C. § 1927, the vexatious litigation statute . . . does not create a separate cause of action. [] One pursues § 1927 relief, then, through an attorney fee petition . . .") (emphasis in original) (internal citations omitted); Flynn v. Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP, No. 3:09-CV-00422-PMP-RAM, 2010 WL 4339368, at *10 (D. Nev. Oct. 15, 2010) (unpublished) ("Section 1927 does not contain an explicit right of action . . . § 1927 contemplates a court, not a private litigant, will enforce it.").

      Because  28 U.S.C. § 1927 does not provide a cause of action, Crystal Malmstrom fails to state a claim against Mr. Smith under this statute, which necessitates dismissal of this claim.  Furthermore, while Mr. Smith is an attorney, he is not an attorney appearing in this case on behalf anyone other than himself.  He represented Crystal Malmstrom in the family court proceeding.  The Amended Complaint states that "[l]ack of action by counsel is going to result in harm," (Am. Compl. 5, ECF No. 3), which is the opposite of an assertion that an attorney has multiplied the proceedings and

caused unreasonable and vexatious costs. Accordingly, the undersigned RECOMMENDS the District Judge dismiss Crystal Malmstrom's § 1927 claim against Mr. Smith for failure to state a claim.

### B. 42 U.S.C. § 1983

"Section 1983 created a federal cause of action for damages to vindicate alleged violations of federal law committed by individuals acting 'under color of state law.'" Jojola v. Chavez, 55 F.3d 488, 492 (10th Cir. 1995) (quoting 42 U.S.C. § 1983). Exceptions to the state action/actor rule exist, but the Complaint's allegations do not meet those exceptions. Estate of B.I.C. v. Gillen, 710 F.3d 1168, 1173 ("First, state officials may be liable for the acts of private parties when the state has assumed a special relationship with and control over an individual. … Second, state officials can be liable for the acts of private parties where those officials created the very danger that caused the harm."); Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982) (finding private conduct can constitute state action if it is "fairly attributable to the State.").

The Complaint fails to allege Mr. Smith served as a state actor, or that state liability proceeds under the exceptions to the state action/actor requirement. None of the allegations against Mr. Smith gives rise to any inference that he constitutes a state actor. In her opposition to the Motion to Dismiss, Crystal Malmstrom makes reference to attorneys being officers of the court. (Pls.' Opp'n of Mots. to Dismiss 2, ECF No. 68.) While attorneys are officers of the court, the Tenth Circuit follows "the 'vast weight of authority' hold[ing] that 'private attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983.'" Anderson v. Kitchen, 389 F. App'x 838, 841 (10th Cir. 2010) (unpublished) (quoting Barnard v. Young, 720

5

F.2d 1188, 1189) (10th Cir. 1983)). Therefore, the undersigned RECOMMENDS the District Judge dismiss Crystal Malmstrom's § 1983 claim against Mr. Smith for failure to state a claim.

### C. 26 U.S.C. § 6103

"Section 6103 of the Internal Revenue Code 26 U.S.C. § 6103, lays down a general rule that 'returns' and 'return information' as defined therein shall be confidential." Church of Scientology v. I.R.S., 484 U.S. 9, 10 (1987). The legal obligation under § 6103 to keep returns and return information confidential applies to federal government employees (subsection (a)(1)), state and local government employees (subsection (a)(2)), and "other person[s]" who are permitted access to tax return information under the law (subsection (a)(3)). See 26 U.S.C. § 6103(a). "The list of those who qualify as an 'other person' under section 6103 is very specific." Manning v. Haggerty, No. 3:11CV302, 2011 WL 4527818, at *5 n.8 (M.D. Pa. Sept. 28, 2011) (unpublished). In Stokwitz v. United States, 831 F.2d 893, 894 (9th Cir. 1987), cert. denied, 485 U.S. 1033 (1988), the Ninth Circuit explained that § 6103 was designed "to curtail loose disclosure practices by the IRS." "That is as far as the statute goes. . . . [T]here is no indication . . . that Congress intended to enact a general prohibition against public disclosure of tax information." Id. at 896. Similarly, in Hrubec v. Nat'l R.R. Passenger Corp., 49 F.3d 1269, 1270 (7th Cir. 1995), the Seventh Circuit stated:

> Congress set out to limit disclosure by persons who get tax returns in the course of public business—employees of the IRS, state employees to whom the IRS makes authorized disclosures, and private persons who obtain return information from the IRS with strings attached. The statute does not forbid disclosure when information comes from other sources.

26 U.S.C. § 7431 allows individuals to sue for civil damages if one of the listed people

6

discloses their tax returns or tax return information in violation of 26 U.S.C. § 6103. See 26 U.S.C. § 7431(a).

With respect to her section 6103 claim, Crystal Malmstrom asserts: "I was forced under threat of contempt of court to sign two forms for IRS for me to produce tax document that do not exist." (Am. Compl. 4-5, ECF No. 3.) She does not allege that Mr. Smith disclosed any of her tax returns or tax return information. Therefore, Crystal Malmstrom fails to state a claim against Mr. Smith under 26 U.S.C. § 6103 or § 7431, necessitating dismissal of her claim. Furthermore, Mr. Smith, an attorney who represented Crystal Malmstrom in the family court proceeding, is not a federal or state employee, or one of the "other person[s]" barred from disclosing tax returns or tax return information under section 6103, so this statute would not apply to him in any event. See Manning, 2011 WL 4527818, at *5 (holding that defendant attorney fell "outside of the specific categories of individuals subject to section 6103"). Accordingly, the undersigned RECOMMENDS the District Judge dismiss Crystal Malmstrom's § 6103 claim against Mr. Smith for failure to state a claim.

## RECOMMENDATION

For the reasons discussed above, the undersigned RECOMMENDS the District Court dismiss all of Crystal Malmstrom's claims against Jacob Smith for failure to state a claim.

The Court will send copies of this Report and Recommendation to the parties and notifies them of their right to object to the same. The Court further notifies the parties that they must file any objection to this Report and Recommendation with the Clerk of the Court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within

fourteen (14) days of service thereof. Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 5th day of February 2018.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge